```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
PALMYRA SHIPPING & CHARTERING
LIMITED,
                                    :
                  Plaintiff,        :     ECF
                                    :     VERIFIED COMPLAINT
           -against-                :
                                    :
HERMITAGE RESOURCES LIMITED,        :
                                    :
                                    :
                  Defendant.        :
------------------------------------x
```



*Judge Pauley*
**07 CV 11059**

RECEIVED DEC 06 2007 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, PALMYRA SHIPPING & CHARTERING LIMITED, ("Plaintiff"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the Defendant HERMITAGE RESOURCES LIMITED ("Defendant") alleges, upon information and belief as follows:

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

## THE PARTIES

2. At all material times to this action Plaintiff was, and still is, a foreign business entity duly organized and existing under the laws of the Marshall Islands.

3. At all times material to this action, Defendant was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at 30-34 New Bridge Street, London EC4V 6BJ

England.

### DEFENDANT'S BREACH OF CONTRACT

4. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-3 of this Complaint as if set forth at length herein.

5. By a tanker voyage charter party dated February 2, 2007, Plaintiff, as disponent owner, chartered the M/T SEA LEOPARD (the "Vessel") to Defendant, as Charterer, to carry a cargo of fuel oil from Russia to Malaysia (the "Charter Party").

6. Under the terms of the Charter Party, the agreed demurrage rate was $36,000 per day. The Vessel incurred demurrage at the load and discharge ports in the amount of $178,875.

7. In addition, Defendant has failed to pay the balance of freight and associated voyage expenses incurred under the Charter Party in the amount of $19,856.89.

8. Plaintiff has demanded payment of said demurrage, freight and expenses, but Defendant has failed and refused to pay.

9. The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in London under English law, and Plaintiff has commenced arbitration thereunder.

10.  Interest, costs and attorneys' fees are routinely awarded to the prevailing party by arbitrators in London pursuant to English law.  As best as can now be estimated, the following amounts can be expected to be recovered in the action.

|  |  |  |
|---|---|---|
| A. | On the principal claims: | $198,731.89 |
| B. | Interest, arbitration fees and attorneys' fees: | $ 69,556.00 |
| | TOTAL: | $268,287.89 |

### DEFENDANT NOT FOUND WITHIN THE DISTRICT

11.  Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank, which are believed to be due and owing to Defendant.

12.  Plaintiff seeks an order from this court

directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over Defendant and to secure Plaintiff's claims as described above.

    **WHEREFORE**, Plaintiff prays:

    A.    That process in due form of law issue against Defendant citing it to appear and answer under oath all and singular the matters alleged in the Complaint.

    B.    That since Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications Co. Ltd. New York Branch, Bank of New York,

Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank, which are due and owing to Defendant, in the amount of $268,287.89 to secure Plaintiff's claims and that all persons claiming any interest in the same be cited to appear and pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims answer the matters alleged in the Complaint.

    C.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeal thereof; and

    D.    That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:    New York, New York
            December 5, 2007

> CARDILLO & CORBETT
> Attorneys for Plaintiff
> PALMYRA SHIPPING & CHARTERING
> LIMITED
>
> By: _____
>     James P. Rau (JR 7209)
>
> Office and P.O. Address
> 29 Broadway, Suite 1710
> New York, New York 10006
> Tel: (212) 344-0464
> Fax: (212) 797-1212

**ATTORNEY'S VERIFICATION**

State of New York )
                  ) ss.:
County of New York)

    1.    My name is James P. Rau.

    2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

    3.    I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

    4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

    5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

    6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

    7.    I am authorized to make this Verification on

behalf of the Plaintiff.

_____
James P. Rau

Sworn to this 5th day of December, 2007

NOTARY PUBLIC
CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 2011